

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Claude A. Williams
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:

Opinion No. O-3795
Re: Application of Article
5221b 17 (r)(4), V.A.C.S.,
to certain factual
situations.

Our answer to your questions, subsequently stated in this opinion, has been delayed pending the action of the appellate courts on cases involving the construction of Article 5221b 17(f)(4), supra.

Your letter is self-explanatory and reads in part as follows:

"Please assume in each of the fact situations given below that all facts necessary to render each employing unit an employer exist, if the additional facts given may be said to establish ownership or control by the same interest. Please assume, likewise, except where specifically stated to the contrary, that in each partnership all partners are active in the management, and that control or management of no partnership has been, by agreement of the partners, placed in any individual. In other words, the only question with which we are concerned is the question of whether the employing units are 'owned or controlled (by legally enforceable means or otherwise) directly or indirectly by the same interest.'

"Query: Does Subsection 19 (r)(4) render each employing unit liable as an employer under these facts:

"1. A owns and operates an individual business. He likewise owns 100% of the voting stock of a corporation.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Claude A. Williams, page 2

"2. A owns and operates an individual business. He likewise owns 51% of the voting stock of a corporation.

"3. A and B are equal partners in a business. A and B likewise own 100% of the total voting stock of a corporation, A owning 50% and B owning 50%.

"4. A, B and C are equal partners in a business. A and B each owns one-third of the voting stock of a corporation.

"5. A, B and C each owns one-third of the voting stock of a corporation. Each likewise owns one-third of the voting stock of another corporation."

Article 5221b 17 (f)(4), supra, defines an employer as follows:

"(4) Any employing unit which together with one or more other employing units, is owned or controlled (by legally enforceable means or otherwise) directly or indirectly by the same interest, or which owns or controls one or more other employing units (by legally enforceable means or otherwise), and which, if treated as a single unit with such other employing unit, would be an employer under paragraph (1) of this subsection;"

In your first fact situation, A owns and operates an individual business and also owns 100% of the voting stock of a corporation. We assume that A owns all of the stock of the corporation and that the phrase "voting stock" has no other meaning.

Strictly speaking, it may be said that the stockholders are not the owners of the corporate property. They do participate in the distribution of the surplus profits and assets. Pending such distribution, their rights are said to be merely potential. 10 Tex. Jur. pp. 780-782 and authorities therein cited.

It is also said that a partner does not own any particular interest in a partnership enterprise but his interest extends only to a proportionate share of what may remain after

Hon. Claude A. Williams, page 3

payment of the debts of the partnership and the settlement of its accounts. Sherk v. Bank, 206 S. W. 507.

The case of Texas Unemployment Compensation Commission, et al vs. Bass, 151 S. W. (2d) 567 (Sup. Ct. of Texas) involved three partnerships. A, B and C composed one partnership, A, B C and D composed another and A, B, C and E composed the third partnership. In holding that these three partnerships were not owned by the same interest within the meaning of Article 5221b 17 (f)(4), supra, Justice Critz said:

"It is evident that these three concerns are not owned by the same 'interest.' This is because there is a partner in No. 2 who has no interest in No. 1 or No. 3; and there is a partner in No. 3 who has no interest in No. 1 or No. 2. It follows that if these concerns constitute one 'Employer,' it must be because they are under the 'control' of the 'same interest,' within the meaning of the above quoted statute."

This language indicates to us that partners can own a business within the meaning of Article 5221b 17(f)(4), supra. This being true, it would follow that the owners of all the stock of a corporation own the corporation within the meaning of the same statute.

In answer to your question based upon the first fact situation, we are of the opinion that the individual business and the corporation are owned by the same interest within the meaning of Article 5221b 17(f)(4), supra. It follows that each employing unit is an employer as defined by the Unemployment Act.

In your second fact situation, A owns and operates an individual business and also owns 51% of the voting stock of a corporation.

We wish to point out here that throughout this opinion we have assumed that the corporations mentioned have issued only one type of stock and that the phrase "voting stock" has no other meaning.

The case of Murphy v. Doniphan Telephone Co., 147 S. W. (2d) 616 (Sup. Ct. of Mo.) concerns a similar fact

885

Hon. Claude A. Williams, page 4


situation based upon similar statutes as involved here. In that case, one Dee A. Rice individually owned and operated a telephone system employing six individuals. He likewise owned 449 of the 500 outstanding shares of stock in a corporation owning and operating a telephone system which employed seven individuals. Besides owning 449 shares of stock in the corporation, same being 89.8% of all the stock, Rice was also President, director and general manager of the corporation. The wife and father of Rice owned the other 51 shares of stock in the corporation.

In holding that the above enumerated facts did not compel the conclusion that Rice controlled the corporation by legally enforceable means or otherwise, the Supreme Court of Missouri said:

"Do the conceded facts in this case compel the conclusion of fact that respondent corporation was 'controlled' by Dee A. Rice? Appellants rely on the words of the statute: 'Controlled by legally enforceable means or otherwise, directly or indirectly, by the same interests.' Although the evidence may have been such that an inference of fact could have been drawn to the effect that respondent corporation was controlled by Dee A. Rice the inference was not drawn from the evidence by the trial court, and the evidence, as conceded evidentiary facts, was not such as to compel the conclusion of fact that respondent was so controlled. There was no evidence that Dee A. Rice voted his 449 shares of stock in respondent corporation or that he controlled the corporation's board of directors. The mere fact that he was employed as manager of the corporation, and was its president and was one of its three directors, does not compel the conclusion that he controlled respondent by legally enforceable means or otherwise, directly or indirectly, or that he exercised the power to control that was his by reason of his ownership of a majority of respondent's stock, and such fact was not conceded by the respondent. Proof that the control of the two 'employing units' was ultimately vested in the 'same interests,' and that both could be controlled, did not compel the conclusion that both employing units were controlled by the 'same interests.'

"The holders of a majority of the stock of a corporation are, of course, entitled to dictate its policy and conduct its business in their own way so long as they

Hon. Claude A. Williams, page 5

act in good faith and their acts are intra vires, but a mere admission that the ownership of a majority of respondent's stock was in Dee A. Rice was not an admission that such individual 'controlled' the corporation. Although a corporation may conduct business through its president and other officers, the ultimate source of all authority lies in the board of directors who stand in the place of the individual stockholders in the sense of control they exercise over corporate affairs. An admission that Dee A. Rice was president and manager of the corporation was not an admission that he controlled the corporation."

In the Bass case, supra, Justice Critz quotes from the Doniphan Telephone Company case, supra, as follows:

"'* * * Proof that the control of the two "employing units" was ultimately vested in the "same interests," and that both could be controlled, did not compel the conclusion that both employing units were controlled by the "same interests".'"

On the basis of the above cited cases, we conclude that the ownership of 51% of the stock of a corporation by an individual does not of itself necessarily compel the conclusion that such individual controls said corporation within the meaning of Article 5221b 17(f)(4). This, in effect, answers your question based upon the second fact situation.

In your third fact situation, A and B are equal partners in a business and likewise own 100% of the stock of a corporation, A owning 50% and B owning 50%. We are of the opinion that the partnership and the corporation are owned by the same interest within the meaning of Article 5221b 17 (f) (4), supra, for the same reasons as contained in the answer to your question based upon the first fact situation.

In your fourth fact situation, A, B and C are equal partners in a business, and A and B are each the owners of one-third of the stock of a corporation. For the reasons pointed out in the answer to your question based upon the second fact situation, we conclude that the ownership of one-third of the stock by each, A and B, does not of itself necessarily compel the conclusion that they own or control the corporation within the meaning of Article 5221b 17 (f)(4), supra. This answers your question based upon the fourth fact situation.

In your fifth fact situation, A, B and C each owns one-third of the stock in two different corporations. We are of the opinion that both corporations are owned by the same interest within the meaning of Article 5221b 17 (f)(4), supra, for the reasons stated in the answer to the question in your first fact situation.

APPROVED MAR 14, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lee Shoptaw
Lee Shoptaw
Assistant

LS:W



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN